TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00043-CR








Barbara Gail Fuller, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0933141, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 A jury found Barbara Gail Fuller guilty of recklessly causing serious bodily injury
to a child, with a deadly weapon, and intentionally causing serious bodily injury to a child by
omission. See Tex. Penal Code Ann. § 22.04 (West 1994). (1) The jury fixed Fuller's punishment
at ten-years' confinement and a fine for the first offense and thirty-years' confinement and a fine
for the second. The trial court gave judgment accordingly. Fuller appeals. We will affirm the
judgment. 

 The evidence was overwhelming that Fuller committed the offenses alleged in the
indictment. The victim was her young adopted child. Fuller does not challenge the sufficiency
of the evidence. She contends, however, that she was denied a fair trial.

 In opening argument before the question of guilt was submitted to the jury, the
prosecutor stated to the jury, as follows, regarding Fuller's trial counsel:



Mr. Brittain is a gentleman and he has been through-out this trial, but he's going
to get up here and do what he's good at doing, and he's going to use the tricks of
our trade and try to convince you people that this woman is responsible--



(emphasis added). Fuller's counsel interrupted to "object to counsel striking at the defendant over
the shoulder of the attorney." The trial judge sustained the objection. Fuller's counsel did not
request that the jury be instructed to disregard the comment. No such instruction was given. 
Fuller's counsel did not request a mistrial.

 In two points of error, Fuller contends the prosecutor's reference to "tricks of our
trade" was an attack upon defense counsel that was calculated to obtain, and did obtain, her
wrongful conviction through a trial that was fundamentally unfair, in violation of the constitutional
guaranties of due course of law and due process of law. Tex. Const. art. 1, §§ 10, 19; U.S.
Const. amends. V, XIV.



DISCUSSION AND HOLDINGS


 As the premise of her contention, Fuller contends the prosecutor's reference to the
"tricks of our trade" amounted to an accusation that defense counsel would employ "trickery" in
the sense of deception in his argument to the jury. We believe this is a selective, unnatural
meaning in light of the context and the words themselves. The natural meaning appears rather
to refer to a defense attorney's proper and customary duty to defend the accused by shaping the
evidence for the jury in a convincing way favorable to the accused, pointing out weaknesses and
omissions in the prosecution's evidence and theories, questioning the credibility of witnesses, and
so forth, all for the purpose of creating a reasonable doubt in the jurors' minds as to the accused's
guilt. The remark imputed nothing to Fuller herself. We hold the prosecutor's argument was not
an improper attack upon defense counsel. See Bonier v. State, 738 S.W.2d 726, 731 (Tex.
App.--Houston [14th Dist.] 1987, no pet.) (prosecutor's remark that defense counsel would have
"hard job" in trying to get accused "off for murder" not improper attack upon defense counsel).

 If we are mistaken in the foregoing, we must overrule Fuller's points of error in
all events. Because Fuller did not request an instruction to disregard the challenged remark, she
waived the error she now asserts unless the remark was so prejudicial that an instruction would
not have cured the harm. Nichols v. State, 754 S.W.2d 185, 199-200 (Tex. Crim. App. 1988). 
We must, however, conclude from a review of the whole record, beyond a reasonable doubt, that
the remark made no contribution to Fuller's conviction or punishment. Tex. R. App. P. 81(b)(2). 
In considering whether the trial was a fair one, we must consider the source and nature of the
error, the emphasis placed upon it by the State, any collateral consequences the error might have,
the weight a jury would probably place upon the error, and whether repetition of the error will
likely be encouraged absent a reversal. Harris v. State, 790 S.W.2d 568, 585-87 (Tex. Crim.
App. 1989).

 Fuller invites our attention to the opinion and decision in Byas v. State, 906 S.W.2d
86 (Tex. App.--Fort Worth 1995, pet. ref'd). In Byas, the court held the following remark by the
prosecutor was a personal attack upon defense counsel:



Members of the jury, what I've seen go on from the start of voir dire up until this
point is starting to cause me great concern. I've seen [defense counsel] act as a
very slick attorney from voir dire all the way up.



Byas, 906 S.W.2d at 87 (emphasis in original). After an analysis of the record in light of the
factors listed in Harris, the court concluded a reversal was required notwithstanding the trial
judge's sustaining an objection to the foregoing remark coupled with an instruction to disregard
it. Id. at 87-88. Fuller contends the "very slick attorney" remark of Byas is equivalent to the
"tricks of our trade" remark in her case, and requires a reversal under the reasoning employed
in Byas.

 The vice attributed to the prosecutor's remark in Byas was that "it implied that the
prosecutor's credibility exceeded that of defense counsel because the prosecutor's ethical and
moral standards were supposedly higher." Id. at 87. That vice cannot reasonably be attributed
to the remark in Fuller's case, where the prosecutor complimented defense counsel's gentlemanly
handling of the trial throughout and referred to the "tricks" of the profession that both shared. 
This suggests, of course, that the prosecutor's remark was not a personal attack upon a defense
counsel, but even if it was it was an attack of the mildest kind, not emphasized at all by the
prosecutor and one with no conceivable affect upon the jury and entirely lacking in collateral
consequences. Cf. Orona v. State, 791 S.W.2d 125, 129-30 (Tex. Crim. App. 1990) (statement
that defense counsel was adept in getting criminal defendants "off the hook" did not contribute to
conviction); Howard v. State, 888 S.W.2d 166, 175 (Tex. App.--Waco 1995, pet. ref'd) (statement
that defense counsel was "suave" did not contribute to conviction). We hold accordingly.

 For the reasons given, we overrule Fuller's points of error and affirm the trial-court
judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: March 13, 1996

Do Not Publish

1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3622. Because the Code amendments effective September 1, 1994,
have no substantive effect on this section, the current Code is cited for convenience.


/EM>, 738 S.W.2d 726, 731 (Tex.
App.--Houston [14th Dist.] 1987, no pet.) (prosecutor's remark that defense counsel would have
"hard job" in trying to get accused "off for murder" not improper attack upon defense counsel).

 If we are mistaken in the foregoing, we must overrule Fuller's points of error in
all events. Because Fuller did not request an instruction to disregard the challenged remark, she
waived the error she now asserts unless the remark was so prejudicial that an instruction would
not have cured the harm. Nichols v. State, 754 S.W.2d 185, 199-200 (Tex. Crim. App. 1988). 
We must, however, conclude from a review of the whole record, beyond a reasonable doubt, that
the remark made no contribution to Fuller's conviction or punishment. Tex. R. App. P. 81(b)(2). 
In considering whether the trial was a fair one, we must consider the source and nature of the
error, the emphasis placed upon it by the State, any collateral consequences the error might have,
the weight a jury would probably place upon the error, and whether repetition of the error will
likely be encouraged absent a reversal. Harris v. State, 790 S.W.2d 568, 585-87 (Tex. Crim.
App. 1989).

 Fuller invites our attention to the opinion and decision in Byas v. State, 906 S.W.2d
86 (Tex. App.--Fort Worth 1995, pet. ref'd). In Byas, the court held the following remark by the
prosecutor was a personal attack upon defense counsel:



Members of the jury, what I've seen go on from the start of voir dire up until this
point is starting to cause me great concern. I've seen [defense counsel] act as a
very slick attorney from voir dire all the way up.



Byas, 906 S.W.2d at 87 (emphasis in original). After an analysis of the record in light of the
factors listed in Harris, the court concluded a reversal was required notwithstanding the trial
judge's sustaining an objection to the foregoing remark coupled with an instruction to disregard
it. Id. at 87-88. Fuller contends the "very slick attorney" remark of Byas is equivalent to the
"tricks of our trade" remark in her case, and requires a reversal under the reasoning employed
in Byas.

 The vice attributed to the prosecutor's remark in Byas was that "it implied that the
prosecutor's credibility exceeded that of defense counsel because the prosecutor's ethical and
moral standards were supposedly higher." Id. at 87. That vice cannot reasonably be attributed
to the remark in Fuller's case, where the prosecutor complimented defense counsel's gentlemanly
handling of the trial throughout and referred to the "tricks" of the profession that both shared. 
This suggests, of course, that the prosecutor's remark was not a personal attack upon a defense
counsel, but even if it was it was an attack of the mildest kind, not emphasized at all by the
prosecutor and one with no conceivable affect upon the jury and entirely lacking in collateral
consequences. Cf. Orona v. State, 791 S.W.2d 125, 129-30 (Tex. Crim. App. 1990) (statement
that defense counsel was adept in getting criminal defendants "off the hook" did not contribute to
conviction); Howard v. State, 888 S.W.2d 166, 175 (Tex. App.--Waco 1995, pet. ref'd) (statement
that defense counsel was "suave" did not contribute to conviction). We hold accordingly.

 For the reasons given, we overrule Fuller's points of error and affirm the trial-court
judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: March 13, 1996

Do Not Publish

1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, §&nbsp